**WRONKO LOEWEN BENUCCI**
Michael Poreda, Esq. (025492010)
69 Grove Street
Somerville, NJ 08876
Telephone: (908) 704-9200
Fax: (908) 704-9291
e-Mail: poreda@poredalaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GEORGE NOONAN,<br><br>               *Plaintiff*,<br><br>vs.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, RUTGERS UNIVERSITY – UNIVERSITY CORRECTIONAL HEALTH CARE, NURSE LANCE CARVER, DR. JOHN DOE, M.D., JOHN DOES 1-10,<br><br>               *Defendants*. | Docket No. 1:20-cv-1049-RBK-JS<br><br>**<u>Civil Action</u>**<br><br>**AMEDNED COMPLAINT** |

Plaintiff, George Noonan, by way of Complaint against Defendants, says as follows:

1. Plaintiff seeks damages for deliberate indifference to a serious medical condition, which he suffered while in the custody of the New Jersey Department of Corrections at Mid-State Correctional Facility.

2. Specifically, Plaintiff's wrist was broken and he suffered a concussion when he passed out and fell out of his top bunk.

1

3.  Prison medical staff ignored the injury for an entire month before referring him for an x-ray, at which time, injuries so extensive were discovered that Plaintiff needed a metal plate, three screws, and eight pins to repair the injury.

## JURISDICTION

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the question arises under the Constitution of the United States, namely whether Defendants violated Plaintiff's rights under the Eighth Amendment.

5.  Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because all relevant events took place in New Jersey, specifically at Mid-State Correctional Facility in Wrightstown, New Jersey.

## THE PARTIES

6.  Plaintiff George Noonan, whose date of birth is August 1, 1985, is an inmate confined at Northern State Prison, P.O. Box 2300, 168 Frontage Road, Newark, NJ 07114. His SBI is 599702C.

7.  Plaintiff has never filed a federal lawsuit before.

8.  Defendant Rutgers University – University Correctional Health Care is a corporate entity headquartered at Rutgers University, Office of the Secretary, 7 College Avenue, Room 1111, New Brunswick, NJ 08901.

9.  The New Jersey Department of Corrections is a state agency headquartered at Whittlesey Road, Trenton, NJ 08618.

10. Defendants Nurse Lance Carver and Dr. John Doe, M.D. are employees of Rutgers University – University Correctional Health Care. These individuals are employed at Mid-State Correctional Facility, P.O. Box 866, Wrightstown, NJ 08562.

11. John Does 1-10 are medical and correctional staff at Mid-State Correctional Facility who ignored Plaintiff's complaints about his broken wrist and/or ignored the obvious signs that his wrist was broken and needed medical attention.

## FACTS

12. In March 2018, Plaintiff was in the custody of the New Jersey Department of Corrections at Mid-State Correctional Facility.

13. Plaintiff was being treated for opioid addiction with suboxone and did not feel well due to withdrawal from opioids and/or side effects of the suboxone.

14. He requested a bottom bunk because he did not feel well, but the request was denied.

15. March 9, 2018 was the third night of suboxone treatment.

16. Plaintiff was on the top bunk when he passed out and fell to the concrete floor, hitting his head and his wrist.

17. When Plaintiff regained consciousness, he had a bump on his head, and he was dizzy and lightheaded. Plaintiff suspects he had a concussion.

18. More critically, Plaintiff's wrist was visibly deformed and was extremely painful.

19. In the medical unit of Mid-State Correctional Facility, guards charged Plaintiff with fighting because he was in such a visibly injured condition.

20. In the medical unit, Defendants Nurse Lance Carver and Defendant John Doe, MD, a doctor with an African name, both examined Plaintiff's body and listened to his subjective symptoms, but they stated that he needed no medical treatment.

21. Defendants allowed guards to place Plaintiff into pre-hearing detention without giving him any treatment, despite having observed the obvious signs and symptoms of a concussion and a broken wrist.

22. Prison officials subsequently reviewed the video from Plaintiff's cell, determined that he had not been fighting but had indeed fallen out of bed, and they dismissed the charges against him.

23. Plaintiff made oral and written grievances for emergency care for his pain and his obviously broken wrist.

24. These grievances were ignored by Defendants John Does 1-10.

25. John Does 1-10 ignored Plaintiff's grievances pursuant to policies put into place and/or practices or customs encouraged, promoted, or knowingly tolerated by Rutgers University – University Correctional Health Care.

26. Plaintiff did not even receive pain killers for his fracture.

27. Four weeks after the fall, Plaintiff's counselor, Jessica Betar, who could see that a broken bone was clearly pressing against the inside of Plaintiff's skin, brought him to the

medical department, where he was seen by Nurse Practitioner Jay Williams, who recognized that Plaintiff's wrist was broken.

28. An x-ray was conducted, which confirmed the break.

29. Plaintiff was referred to an orthopedic surgeon at St. Francis Medical Center, Dr. Shakur, who performed surgery that involved the installation of a metal plate, 3 screws, and eight pins.

30. The surgery has left Plaintiff with permanent loss of range of motion and permanent pain.

### COUNT I
### Eighth Amendment – Deliberate Indifference to a Serious Medical Condition
### (42 U.S.C. § 1983)

31. Plaintiff has a right under the Eighth Amendment of the Constitution to be free from cruel and unusual punishment.

32. Cruel and unusual punishment may take the form of deliberate indifference to a serious medical condition.

33. A broken wrist and a concussion are serious medical conditions.

34. Defendants Nurse Lance Carver and Dr. John Doe, M.D. ignored the obvious signs and symptoms of a concussion and a broken wrist and denied plaintiff all treatment with deliberate indifference.

35. The deliberate indifference included the denial of pain medication.

36. John Does 1-10 were deliberately indifferent to Plaintiff's oral and written grievances requesting emergency care for his broken wrist. Those hearing the oral grievances could see that the bone was broken under Plaintiff's skin, just as Jessica Betar, could, but they denied all treatment.

37. Those receiving the oral grievances learned that Plaintiff had severely injured his wrist in a fall, that he could feel the wrist was broken, and that he was in intense pain, yet they ignored the grievances.

38. Defendant Rutgers University – University Correctional Health Care ("UCHC") had a policy, practice, or custom that resulted in Defendants Carver and John Doe, M.D. not diagnosing or treating Plaintiff's wrist or concussion.

39. UCHC also had policy, practice, or custom that encouraged and/or directed its employees to ignore inmates with broken bones, regularly leaving inmates with broken bones in cells for days or weeks before getting them medical treatment.

40. UCHC's unconstitutional policies, practices, or customs also included, but were not limited to: intentionally providing diminished concern and care to injured inmates accused of disciplinary infractions, whether sustained or not; treating bone fractures and concussions as non-serious injuries; under-responding to serious injuries as a means of saving money.

## COUNT 2
## NEW JERSEY LAW AGAINST DISCRIMINATION – FAILURE TO ACCOMMODATE A DISABILITY

41. Plaintiff was ill due to his opioid addiction and suboxone treatment, which is a disability under the NJ LAD.

42. Plaintiff requested the reasonable accommodation of a bottom bunk.

43. The New Jersey Department of Corrections, via its employees, denied this reasonable accommodation.

44. As a direct and proximate result of the denial of a reasonable accommodation, Plaintiff fell off his bunk and was seriously injured.

**Wherefore,** Plaintiff George Noonan demands

- Monetary Damages

- Punitive Damages

- Costs and fees

- Applicable statutory attorney fees

- Other such relief as the court may deem just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DESIGNATION OF COUNSEL

Michael Poreda, Esq. is hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO L.Civ.R. 11.2

     I certify that to the best of my knowledge and upon information and belief, the matter in controversy is not related to or the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

_____
MICHAEL POREDA, ESQ.
*Attorney for Plaintiff*

Date: June 23, 2020